Attorney for Debtor: Jodi Lynn Bills

JoAnn Fulton, W.S.B.#5-2686
FULTON LAW OFFICE, P.C.
P. O. Box 1267
Laramie, WY 82073
307-721-4132

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF WYOMINGM

| | | |
|---|---|---|
| In re: Jodi Lynn Bills, | ) | Chapter 7 Bankruptcy No. 21-20430 |
| | ) | |
| Jodi Lynn Bills, | ) | Adversary No. |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| U.S. Department of Education, | ) | |
| Great Lakes Student Loan, | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## COMPLAINT TO DETERMINE DISCHARGEABILITY OF STUDENT LOAN DEBT AS AN UNDUE HARDSHIP

COMES NOW, the above-named Debtor, Jodi Lynn Bills, by and through her attorney of record, JoAnn Fulton of FULTON LAW OFFICE, P.C. and does hereby respectfully request this Court to make a determination and finding of undue hardship in further repayment of Student Loans totaling approximately $69,000.00 and respectfully requests discharge of her remaining student loan indebtedness, pursuant to 11 USC §523(a)(8) and Rule 7001(9) of the Federal Rules of Bankruptcy Procedure and its civil analog, 28 USC §2201.

**PARTIES**

1. Jodi Lynn Bills is a citizen of both Wyoming and the United States, who resides in Cheyenne, Wyoming, which is within the jurisdiction of the District of Wyoming.

1

2. Defendant U.S. Department of Education is a provider of Student Loans for purposes of higher education.

3. Great Lakes Student Loan is a provider of Student Loans and services consolidated student loans for higher education.

## JURISDICTION AND VENUE

4. This adversary proceeding is brought under 11 USC §523(a)(8) and Rule 7001(9) of the Federal Rules of Bankruptcy Procedure and its civil analog, 28 USC §2201.

5. This Court has jurisdiction over this adversary proceeding in the District of Wyoming under 28 USC §1409 because this matter arises in and is related to a bankruptcy case filed in this district.

## FINAL ORDER CONSENT STATEMENT

6. Jodi Lynn Bills consents to entry of final orders or judgment by the bankruptcy court.

## FACTUAL ALLEGATIONS

### About Jodi Lynn Bills' financial situation

7. Plaintiff Bills is a married woman, living independently without nuclear family assistance, who filed a chapter 7 bankruptcy petition in this district, Case No. 21-20042; an Order of Discharge was entered on January 25, 2022.

8. On or about January 18, 2023, Plaintiff filed her Motion to Reopen the Chapter 7 case for the sole purpose of filing an Adversary Complaint to determine dischargeability of her student loans based on undue hardship.

9. The Federal Bankruptcy Court for the District of Wyoming entered its Order Reopening the CLOSED Chapter 7 Bankruptcy Case for purposes of determining the dischargeability of Plaintiff's student loans based on undue hardship.

10. Plaintiff Bills is an addictions counselor, self-employed full time by JODI BILLS, LLC, 2902 Bent Avenue, Cheyenne, WY 82001.

11. Plaintiff Bills' income is approximately $4000.00 per month less 30% for taxes, from which she pays both her business and personal expenses.

12. To make her limited monetary resources stretch, Plaintiff Bills has pared her expenses to the marrow. She has no luxuries, no extras born out in the Chapter 7 Petition, Case No. 21-20042

2

13. Plaintiff Bills' client contact was severely impacted by the COVID epidemic; she sees clients both in person at her office and by means of telehealth.

**ABOUT PLAINTIFF BILLS' LOANS**

14. Plaintiff Bills holds the following professional degrees:
    a. Undergraduate degree: Mathematics/Sciences, Minor in Psychology
    b. Graduate degree: Education (Counseling)
15. In addition, Plaintiff Bills is required to maintain professional licensing to practice in Wyoming, to-wit: Licensed Professional Counselor and Licensed Addictions Counselor.
16. Plaintiff Bills is a National Certified Counselor and Master Addictions Counselor through the National Board of Certified Counselors.
17. Plaintiff Bills' birth date is September, 1967; she is currently 56 years of age.
18. Plaintiff Bills received her first student loan disbursement on January 5, 1987 at the age of 29; her last student loan disbursement was September 20, 2004 at the age of 37, an educational span of 8 years; the total student loan amount disbursed to Plaintiff Bills was $120,228.00.
19. All of Plaintiff Bills' federal student loans were consolidated with Great Lakes for servicing and to date, Plaintiff Bills outstanding loan balance, after 20 years of timely payments, good faith efforts to stay current, and thirteen (13) deferments is $69,274.71. (See Exhibit A, Great Lakes PAYMENT History for the last four (4) years.)
20. This extraordinary balance creates an undue hardship on Plaintiff Bills monthly finances, as she prepares for retirement. It should be noted that Plaintiff Bills does not own a home or office space but pays monthly rent, due to this student loan undue hardship.
21. Plaintiff Bills began paying on her student loans once she completed her formal education; however, during completion of her graduate degrees, Plaintiff Bills took four (4) deferments, on July 8, 2001, January 7, 2001, and finally on January 11, 1999, and June 1, 2016.
22. Plaintiff Bills, to the best of her ability has acted in good faith in her attempts to service these student loans, making regular monthly payments.

3

## ABOUT PLAINTIFF BILLS' CURRENT FINANCES:

23. Plaintiff's current monthly business expenses are as follows:

| | | |
|---|---|---:|
| a. | Office space rent | $315.00 |
| b. | County Property Tax ($40.28 yearly) | 3.36 |
| c. | Office Supplies (bulbs, batteries, biofeedback supplies) | 25.00 |
| d. | McAfee Virus Protection (computers, phone ($150.00 yearly) | 12.50 |
| e. | DocuSign ($120.00 yearly) | 10.00 |
| f. | TheraNest (Practice Software) | 39.00 |
| g. | Office Ally (Billing Software) | 36.43 |
| h. | GoDaddy Website | 26.99 |
| i. | Adobe | 19.99 |
| j. | MicroSoft | 7.41 |
| k. | SR Fax | 9.95 |
| l. | Printer Supplies (ink, paper) | 40.00 |
| m. | Google GSuite | 6.00 |
| | | **$551.63** |

24. In addition to these office-related expenses, Plaintiff pays the following annual professional fees:

| | | |
|---|---|---:|
| a. | Licensure renewals (2 year) – WY, CO, AZ | 643.00 |
| b. | State of WY Annual Report | 62.00 |
| c. | Professional Liability Insurance | 181.00 |
| d. | NBCC Professional Certification | 125.00 |
| | | **$1011.00** |

25. Plaintiff's current monthly personal expenses are as follows:

| | | |
|---|---|---:|
| a. | Rent for personal residence | $1100.00 |
| b. | Groceries | 250.00 |
| c. | Medication/Supplements | 100.00 |
| d. | Gas | 60.00 |
| e. | USAA Auto Insurance (6 months - $479.69) | 79.56 |
| f. | Verizon (cell phone) | 110.00 |

|   |   |   |
|---|---|---|
| g. | Taxes (Will set up installment) | 5350.13 |
| h. | Institute for Integrative Nutrition Health Coach Training | 199.00 |
| i. | Retirement funding (Roth IRA, Fundrise) | 310.00 |
|   |   | **$7558.69** |

## LEGAL AUTHORITY FOR DISCHARGE OF STUDENT LOAN DEBT AS AN UNDUE HARDSHIP:

Section 523(a)(8) of the Bankruptcy Code, the bankruptcy court must determine that payment of the loan "would impose an undue hardship on the debtor and the debtor's dependents." In *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 278 (2010), the court held that "... the bankruptcy court must make an independent determination of undue hardship ... even if the creditor fails to object or appear in the adversary proceeding."

However, it is possible for the parties, the Plaintiff and Defendants U.S. Department of Education and Great Lakes Student Loan, to stipulate to the existence of certain facts and recommend that the bankruptcy court find, based on such facts, that repayment of the student loan would cause the debtor an undue hardship. *Id. at 263-64.*

The *Brunner* test is the most common framework for assessing undue hardship, citing *Brunner v. New York State Higher Education Services Corp.*, 831 f. 2D 395 (2d Cir. 1987). The *Brunner* case held:

> ... a bankruptcy court must find that the debtor has established that (1) the debtor cannot presently maintain a minimal standard of living if required to repay the student loan, (2) circumstances exist that indicate the debtor's financial situation is likely to persist into the future for a significant portion of the loan repayment period, and (3) the debtor has made good faith efforts in the past to repay the student loan.

*In re Polleys,* 356 f. 3D 1302, 1309 (10th Cir. 2004), the bankruptcy court "... consider(ed) similar information---the debtor's current and prospective financial situation in relation to the educational debt and the debtor's efforts at repayment."

*In re Jesperson,* 571 F. 3d 775, 779 (8th Cir. 2009), the Eighth Circuit described the Totality Test as "less restrictive" than the *Brunner* test, citing *In re Hurst,* 553 B.R. 133, 137 (B.A.P. 8TH Cir. 2017), "... [I]f the debtor's reasonable financial resources will sufficiently cover payment of the student loan debt----while still allowing for a minimal standard of living----then the debt should not be discharged."

5

*In re Long,* 322 F. 3d at 554 held that "[c]ertainly, this determination will require a special consideration of the debtor's present employment and financial situation---including assets, expenses, and earnings---along with the prospect of future changes----positive or adverse---in the debtor's financial position."

This court should be cognizant of the fact that "both tests direct the court to review the debtor's past efforts at repayment. (*In re Polleys,* 356 f. 3D 1302, 1309 (10th Cir. 2004); see also *In re Bronsdon,* 435 B.R. 791, 797 (B.A.P. 1ST Cir. 2010.)

This Court must review applicable factors, including but not limited to:

a. First factor: Can the Plaintiff/Debtor maintain a "minimal standard of living" consistent with the Internal Revenue Service Collection Financial Standards, if required to repay student loan debt, i.e. Defendants U.S. Department of Education and Great Lakes Loan Servicing must evaluate Plaintiff's expenses and compare those expenses to the Plaintiff/Debtor's income to determine whether the debtor has a present ability to pay the loan.

b. Second factor: Presumptions are used to determine whether inability to repay is likely to persist in the future, recognizing that even in the absence of such presumptions, the Plaintiff/Debtor may be able to establish that their inability to pay will continue in the future.

c. Third factor: Identify certain objective criteria that evidence a borrower's good faith and discuss how to evaluate the Plaintiff/Debtor's payment history and decision to participate in an income-driven repayment plan; however, neither of these factors are dispositive evidence where other evidence of good faith exists.

In relation to this last factor, Plaintiff offers Exhibit 1, a four year printout of her Payment history, which shows payments totaling $2,271.90, i.e. principal payments totaling $235.82 and interest payments totaling $2036,08.

**PRAY FOR RELIEF:**

1. On October 13, 2021, the Plaintiff Jodi Lynn Bills, filed a Chapter 7 Case in the District of Wyoming; Discharge was entered in that case on January 25, 2022; Plaintiff continues to struggle in her attempts to meet her remaining monthly financial

obligations and is under a continuing undue hardship to meet her student loan obligations.

2. Since her Chapter 7 Discharge, the Plaintiff reported unpaid taxes for tax years 2017, 2018 in the total amount of $18,000.00; said amounts payable were subject to installment agreements between the debtor and the Internal Revenue Service. The Plaintiff continues to make monthly payments on the 2018 outstanding unpaid tax obligations and after discharge of the remaining balance on the 2017 tax debt, has a remaining tax obligation of $5,300.00.

3. The Student Loan indebtedness totals approximately $69,274.71 as of March 20, 2023 and is currently in good standing but is in forbearance, with growing interest and time constraints for personal income to repay the debt.

**WHEREFORE,** the Plaintiff Jodi Lynn Bills respectfully prays this Court make an express finding of undue financial hardship and enter its ORDER discharging Plaintiff's remaining student loan debt in its entirety based on her showing of undue hardship as required by statute and case law cited hereinabove and for such other and further relief as this court deems appropriate in this proceeding.

**RESPECTFULLY SUBMITTED** this 21st day of March, 2023.

JODI LYNN BILLS, Plaintiff

BY: _____
JoAnn Fulton, W.S.B.#5-2686
FULTON LAW OFFICE, P.C.
P. O. Box 1267
Laramie, WY 82073
307-721-4132